IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| SONDA JONATHAN MADUHU,<br>*Petitioner* | § § § § | |
| -vs- | § § § | SA-23-CV-00142-XR |
| HEIDI ANDREA MADUHU,<br>*Respondent* | § § § § | |

## **ORDER GRANTING MOTION FOR ATTORNEYS' FEES**

On this date, the Court considered Petitioner Sonda Jonathan Maduhu's motion for attorney's fees (ECF No. 32). After careful consideration, the Court issues the following order.

### BACKGROUND

On February 3, 2023, Petitioner Sonda Jonathan Maduhu filed an Original Petition and Request for Return of Minor Children, seeking the return of his two minor children, R.A.M. and M.H.M., to the United Kingdom under the Convention on the Civil Aspects of International Child Abduction (the "Hague Convention" or "Convention"), Oct. 24, 1980, T.I.A.S. No. 11670, S. Treaty Doc. No. 99-11, and its implementing legislation, the International Child Abduction Remedies Act ("ICARA"), 22 U.S.C. §§ 9001–901.

The Court conducted a bench trial on the merits of the Petition on April 11, 2023, and concluded that R.A.M. and M.H.M. had been wrongfully removed and that a return order was warranted. A Final Judgment was issued on June 6, 2023 (ECF No. 30), and Petitioner timely moved for an award of fees and costs on June 28, 2023, seeking $19,057.50 in attorney's fees and $10,733.85 in costs.[1] *See* ECF Nos. 31, 32. No response has been filed.

---

[1] These figures do not appear in the motion itself, which conflates attorney's fees and costs on the basis that Petitioner's counsel advanced some litigation costs and Petitioner prepaid some attorney's fees. The Court analyzes the motion according to the distinct legal standards applicable to requests for attorney's fees in the Fifth Circuit and requests for costs under 28 U.S.C. § 1920 and 22 U.S.C. § 9007(b)(3), regardless of whether any award will ultimately be paid to

While the Hague Convention provides that a court "may" order the respondent to pay a successful petitioner's necessary costs and expenses, *see* Convention art. 26, ICARA provides that a court ordering the return of a child "shall order the respondent to pay necessary expenses incurred by or on behalf of the petitioner, including court costs, legal fees, . . . and transportation costs related to the return of the child, unless the respondent establishes that such order would be clearly inappropriate." 22 U.S.C. § 9007(b)(3). "This reflects an affirmative intention on the part of Congress to impose fees in favor of the petitioner and against the respondent in return actions filed under this statute"; "the prevailing petitioner is presumptively entitled to necessary costs and the statute shifts the burden of proof onto a losing respondent to show why an award of necessary expenses would be 'clearly inappropriate.'" *Salazar v. Maimon*, 750 F.3d 514, 519-20 (5th Cir. 2014). The court's burden is therefore to determine whether the requested fees and costs were necessary to secure the child's return, and petitioner bears the burden of proof. *Velarde v. Gurgan*, No. CV SA-17-CA-792-XR, 2017 WL 11663478, at *1 (W.D. Tex. Nov. 14, 2017).

I. **Attorney's Fees**

   A. **Legal Standard**

The lodestar method is an accepted approach for determining attorney's fees in Hague Convention cases. *Velarde*, 2017 WL 11663478, at *1. In calculating attorney's fees under the lodestar method, the Court engages in a three-step process: (1) determine the nature and extent of the services provided; (2) set a value on those services according to the customary fee and quality of the legal work; and (3) adjust the compensation based on other *Johnson* factors that may be

---

Petitioner or his counsel. *Cf. Crenshaw v. Gen. Dynamics Corp.*, 940 F.2d 125, 129 (5th Cir. 1991) ("Rule 54(d) is irrelevant, since it addresses the recovery of costs, which are clearly distinguishable from attorney's fees."). The Court will construe the prepaid "attorney's fees" ($2,500) as covering *all* advanced litigation costs ($915.23). Accordingly, Petitioner will recover 100% of any award of costs and up to $1,584.77 in prepaid attorney's fees.

2

relevant to the case. *Copper Liquor, Inc. v. Adolph Coors Co.*, 684 F.2d 1087, 1092 (5th Cir. 1982); *Johnson v. Ga. Highway Express, Inc.*, 488 F.2d 714, 717–19 (5th Cir. 1974).

The "lodestar" amount—which is the "appropriate fee award [] determined by multiplying the number of hours reasonably worked on litigation by a reasonable hourly rate"—is calculated by steps one and two. *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983). Both the hours worked, and the hourly rate must be reasonable, and the Court considers only the hours spent on successful claims. *See id.* at 433–34. Reasonable hourly rates "are to be calculated according to the prevailing market rates in the relevant community" for the purposes of the lodestar calculation. *McClain v. Lufkin Indus., Inc.*, 649 F.3d 374, 381 (5th Cir. 2011) (citing *Blum v. Stevenson*, 465 U.S. 886, 895 (1983)). The relevant market for the purposes of determining the prevailing rate to be used in the lodestar calculation is the market in which the district court sits. *Tollett v. City of Kemah*, 285 F.3d 357, 368 (5th Cir. 2002).

The third step of the reasonable attorney fee calculation is reserved for the adjustment of the lodestar using the twelve *Johnson* factors. That is, once the basic fee is calculated, the Court may adjust the amount upward or downward. Rarely are all factors applicable, however, and a trial judge may give them different weights. *Id*. The "*Johnson* factors" are:

> (1) the time and labor required; (2) the novelty and difficulty of the legal questions; (3) the requisite skill to perform the legal service properly; (4) the preclusion of other employment by the attorney due to acceptance of the case; (5) the customary fee for similar work in the community; (6) whether the fee is fixed or contingent; (7) the time limitations imposed by the client or the circumstances; (8) the amount involved and the results obtained; (9) the experience, reputation, and ability of the attorneys; (10) the "undesirability" of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases.

*Johnson*, 488 F.2d at 717–19. The court may not consider *Johnson* factors it already used to calculate the lodestar amount. *Black v. SettlePou, P.C.*, 732 F.3d 492, 503 (5th Cir. 2013).

**B. Analysis**

Petitioner seeks to recover $19,057.50 in attorney's fees, which reflects a lodestar calculation of 69.30 hours at $275 per hour.[2] *See* ECF No. 31 at 5.[3]

The Court first determines a reasonable hourly rate for the attorney's work and finds that $275 per hour is a reasonable rate for an attorney with Mr. Caswell's nearly thirty years of experience, considering the relevant market and the type of case. *See Velarde*, 2017 WL 11663478, at *1 (concluding that $300 per hour was a reasonable rate for an attorney with approximately 25 years of experience in a case involving the return of a child under the Hague Convention filed in San Antonio); *see also* ECF No. 31-3 (excerpts from The State Bar of Texas 2019 Income and Hourly Rate demonstrating a state-wide median hourly rate of $291).

The Court next determines the number of hours reasonably expended on the litigation. Mr. Caswell has submitted his time records in support of his claim, which includes significant time (over 45 hours) reviewing emails and documents and communicating with Petitioner and opposing counsel, in addition to his legal work preparing pleadings and motions (over 20 hours) and appearing at the hearing and trial in this matter (5 hours). ECF No. 31-2 at 2–8. Given the fact-specific nature of this dispute, the Court finds that Mr. Caswell spent a reasonable amount of time on these tasks.

The Court finds that the lodestar need not be modified in this case based on the twelve factors, and therefore finds that an award of attorney's fees of $19,057.50 is reasonable.

---

[2] Of this amount, Petitioner seeks to recover prepaid fees in the amount of $1,584.77, and Petitioner's counsel seeks the difference—$17,472.73. *See* ECF No. 31 at 5.

[3] The Court initially denied the motion without prejudice to refiling for failure to comply with Local Rule CV-54's requirement that the moving party include a certificate of conference and explain why any matters in dispute could not be resolved by agreement. Petitioner thereafter filed an Amended Motion, describing his failed attempts to meet and confer with Respondent and re-urging his original motion for attorneys' fees and costs. ECF No. 32.

Respondent shall reimburse Petitioner for the $1,584.77 in attorney's fees he has already paid in this case and pay the difference, $17,472.73, directly to Petitioner's counsel.

## II.     Costs

Petitioner seeks $9,149.08 in costs under Federal Rule of Civil Procedure 54(d) and Section 9007(b)(3) of ICARA.[4]

Rule 54(d) provides that costs "shall be allowed as of course to the prevailing party." Section 1920 defines the term "costs" as used in Rule 54(d) and enumerates the expenses that a federal court may tax as a cost under the authority found in Rule 54(d). *Gaddis v. United States*, 381 F.3d 444, 450 (5th Cir. 2004); *see also Crawford Fitting Co. v. Gibbons*, 482 U.S. 437, 441 (1987). Thus, unless otherwise authorized by statute, the types of costs that may be awarded under Federal Rule of Civil Procedure 54(d) are limited to those enumerated in 28 U.S.C. § 1920. *Id.* Section 1920 provides,

> A judge or clerk of any court of the United States may tax as costs the following:
>
> (1) Fees of the clerk and marshal;
> (2) Fees for printed or electronically recorded transcripts necessarily obtained for use in the case;
> (3) Fees and disbursements for printing and witnesses;
> (4) Fees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case;
> (5) Docket fees under section 1923 of this title;
> (6) Compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under section 1828 of this title.

28 U.S.C. § 1920.

---

[4] This amount represents the $10,733.85 in "costs" requested in the motion, minus the $1,584.77 in attorney's fees already accounted for in this analysis.

Article 26 of the Hague Convention further provides the judiciary with the discretionary authority to direct an award of costs upon ordering the return of the child. "ICARA goes beyond the discretion bestowed by the Hague Convention and includes a mandatory obligation to impose necessary expenses, unless the respondent establishes that to do so would be 'clearly inappropriate.'" *Salazar*, 750 F.3d at 519 (quoting *Sealed Appellant v. Sealed Appellee*, 394 F.3d 338, 346 (5th Cir. 2004)). Specifically, ICARA provides that, in connection with "[c]osts incurred in civil actions":

> Any court ordering the return of a child pursuant to an action brought under section 9003 of this title shall order the respondent to pay necessary expenses incurred by or on behalf of the petitioner, including court costs, legal fees, foster home or other care during the course of proceedings in the action, and transportation costs related to the return of the child, unless the respondent establishes that such order would be clearly inappropriate.

22 U.S.C. § 9007(b)(3).

Petitioner's proposed Bill of Costs only identifies three categories of costs: fees of the clerk, fees for service of process, and "Other costs." ECF No. 31-1 at 2. These costs are enumerated in a chart attached to Petitioner's motion, *see id.* at 4. The chart poses two problems in the Court's analysis.

First, many of the expenses characterized as "Other costs" are in fact recoverable under categories set out in § 1920. *See, e.g.*, *id.* at 4 (seeking costs for copies). Costs taxable under § 1920 are per se awardable under § 9007(b)(3). *See Saldivar v. Rodela*, 894 F. Supp. 2d 916, 943 (W.D. Tex. 2012). To the extent that any expenses are not available under Section 1920, Petitioner bears the burden of establishing the requested costs were "necessary to secure the child's return." *Velarde*, 2017 WL 11663478, at *1.

Accordingly, the Court will analyze the requests under the applicable § 1920 categories before determining whether the costs are available under ICARA.

6

### A. Fees of the Clerk

Petitioner seeks an award of $402.00 for fees of the clerk, which were advanced by Mr. Caswell. ECF No. 31-2 at 7. The Court thus awards $402.00 for the fees of the clerk.

### B. Fees for Service of Summons and Subpoena

Petitioner seeks an award of $141.60 for service of summons, advanced by Mr. Caswell. *Id.* Although this Court has held that private process service fees are recoverable as costs, it is this Court's practice to limit the amount to that charged by the Marshal because the statute does not specifically authorize fees for service of process but instead refers to "fees of the marshal," which are $65.00. *Lear Sieglar Servs. v. Ensil Int'l Corp.*, No. SA: 05-CV-679-XR, 2010 WL 2595185, at *2 (W.D. Tex. June 23, 2010) ("The undersigned Judge has a routine practice of awarding costs for private process servers, but limiting the amount to the fee charged by the Marshal . . ."); *see also* 28 C.F.R. § 0.114(3).

Thus, Petitioner may recover $65.00 of the $141.60 requested for service of summons.

### C. Photocopying

Petitioner seeks an award of $375.37 for fees and disbursements for printing. The party seeking to recover such costs bears the burden of proving the necessity of the photocopies. *See Holmes v. Cessna Aircraft Co.*, 11 F.3d 63, 64 (5th Cir. 1994). "Although prevailing parties do not have to justify every single photocopying cost, they do have to provide enough information for the Court [to be] able to make a reasonable determination of necessity." *Honestech, Inc. v. Sonic Solutions*, 725 F. Supp. 2d 573, 584 (W.D. Tex. 2010).

Of the request, $342.28 in costs are documented in Mr. Caswell's invoice as "Copies, Binders and Dividers for trial notebooks," ECF No. 31-2 at 7, and reflected in numerous receipts attached to the motion, *id.* at 24–28. Some of the receipts attached to the motion, however, reflect

7

unrecoverable costs, such as postage, the basis for the additional $33.09 requested in the motion is not clear. The Court concludes that the requested photocopying costs are otherwise reasonable, and awards $342.28 for "fees and disbursements for printing."

### D. Postage Costs and Wire Transfer Fees

Petitioner seeks an award of $29.35 for postage and $19.43 for wire transfer fees (charged in connection with payments to his counsel). Postage is not included in section 1920 and is not recoverable as a cost. *Embotelladora Agral Regiomontana, S.A. de C.V. v. Sharp Capital, Inc.*, 952 F. Supp. 415, 418 (N.D. Tex. 1997). Similarly, the Court can find no basis for an award of wire transfer fees in § 1920. Because they were not necessarily incurred to secure the return of the children, these costs in the total amount of $48.78 are denied, and Petitioner's award of costs is reduced by this amount.

### E. Transportation Costs

Petitioner seeks $7,266.10 in transportation costs. *See* ECF No. 31-1 at 4. These costs fall into three categories:

(1) $1,497.90 for non-refundable tickets Petitioner purchased for Respondent and the children based on his expectation that they would return to England in February 2022;

(2) $2,352.14 in travel expenses Petitioner incurred in late-September and early-October 2022, when he traveled to San Antonio to visit the children, hoping to resolve the dispute with Respondent through religious counseling and mediation; and

(3) $3,416.06 for transportation costs directly related to the return of the children, including air fare and fees paid to renew one of the children's passports.

*See id.*

Transportation expenses, if reasonable and related to the litigation, are recoverable. *Salazar v. Maimon*, No. 4:11-cv-4186, (Mar. 26, 2013), *aff'd*, 750 F.3d 514 (5th Cir. 2014). ICARA further

provides for transportation costs related to the return of the child, unless the respondent establishes that such order would be clearly inappropriate. 22 U.S.C. § 9007(b)(3).

Petitioner's requests for pre-litigation travel costs are not compensable under either statute. *See Saldivar*, 894 F. Supp. 2d at 946 (declining to award travel costs for the petitioner's trips to visit the child under to the court's visitation schedule because "those visits were not necessary to enable the petitioner to obtain the return of the child[ ]") (quoting *Aldinger v. Segler*, 157 F. App'x 317, 318 (1st Cir. 2005)).

The remaining transportation costs were necessarily incurred in returning the children to the United Kingdom. 22 U.S.C. § 9007(b)(3). Because Respondent has not established that an award of those costs would be "clearly inappropriate," the Court concludes that Petitioner is entitled to recover $3,416.06 in transportation costs under ICARA. *Id.*

### F. Post-Judgment Interest

Petitioner is entitled to post-judgment interest on his award of fees and costs, running from the date of final judgment, June 6, 2023. *La. Power & Light Co. v. Kellstrom*, 50 F.3d 319, 332 (5th Cir. 1995); *see also id.* at 332 n.24 (noting that, because the plaintiff had prevailed "under a mandatory fee shifting statute, it became entitled to fees on the date of judgment on the merits"). Post-judgment interest shall accrue at a rate of 5.18% per annum.

## CONCLUSION

For the foregoing reasons, Petitioner Sonda Jonathan Maduhu's motion for attorney's fees and costs (ECF No. 32) is **GRANTED IN PART** and **DENIED IN PART**.

Petitioner Jonhathan Maduhu is awarded a total of $23,282.84 in attorney's fees and costs, together with post-judgment interest thereon at the rate of 5.18% thereon, to be distributed as follows. Respondent Heidi Andrea Maduhu is **ORDERED** to issue payments to:

(1) Gary Caswell, in the amount of $17,472.73, in unpaid attorney's fees; and

(2) Jonathan Maduhu, in the total amount of $5,810.11, representing $1,584.77 in prepaid attorney's fees and $4,225.34 in costs.

It is so **ORDERED**.

**SIGNED** this 21st day of October, 2023.

                                           XAVIER RODRIGUEZ
                                           UNITED STATES DISTRICT JUDGE